# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 11, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| EVANGELINA AVILA, | * | |
| | * | Special Master Roth |
| | * | |
| Petitioner, | * | No. 14-605V |
| | * | |
| v. | * | Damages Decision Based on Proffer; |
| | * | DTaP; Shoulder Injury Related to |
| SECRETARY OF HEALTH | * | Vaccine Administration ["SIRVA"]; |
| AND HUMAN SERVICES, | * | Arthritis |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Martin J. Martinez, Nemes, Martinez Law Office, Napa, CA, for petitioner.
Julia W. McInerny, U.S. Dept. of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Roth,** Special Master:

On July 14, 2014, Evangelina Avila filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"] alleging that she suffered a shoulder injury and arthritis as a result of the administration of her February 21, 2012 DTaP vaccination. Petition at 2-3.

On July 2, 2015, noting respondent's concession in her Rule 4(c) Report that petitioner is entitled to compensation in this case, Chief Special Master Dorsey issued a Ruling on Entitlement. This case was transferred to the undersigned on October 19, 2015. On December 10, 2015, respondent filed a Proffer on award of compensation. The proffer indicates that petitioner agrees with each aspect of the compensation award.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

1

Pursuant to the terms stated in the attached proffer, **I award petitioner a lump sum payment of $100,000.00 in the form of a check payable to petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

Any questions regarding this Order may be directed to my law clerk, Marc Langston, at (202) 357-6392, or by email at Marc_Langston@ao.uscourts.gov.

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| EVANGELINA AVILA, | ) | No. 14-605V |
| | ) | ECF |
| Petitioner, | ) | Special Master Roth |
| | ) | |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $100,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $100,000.00 in the form of a check payable to petitioner. Petitioner agrees.

> Respectfully submitted,
>
> BENJAMIN C. MIZER
> Principal Deputy Assistant Attorney General
>
> RUPA BHATTACHARYYA
> Director
> Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

|  |  |
|---|---|
|  | VINCENT J. MATANOSKI<br>Deputy Director<br>Torts Branch, Civil Division |
|  | MICHAEL P. MILMOE<br>Senior Trial Counsel<br>Torts Branch, Civil Division |
|  | /s/ Julia W. McInerny<br>JULIA W. MCINERNY<br>Senior Trial Attorney<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C. 20044-0146 |
| DATED: December 10, 2015 | (202) 353-3919 |