# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 14-605V
Filed: November 4, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
EVANGELINA AVILA,                          \*
                                           \*
            Petitioner,                    \*
    v.                                     \*     Attorneys' Fees and Costs;
                                           \*     Contested; Range.
SECRETARY OF HEALTH                        \*
AND HUMAN SERVICES,                        \*
                                           \*
            Respondent.                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Martin Martinez*, Martinez Law Office, Napa, CA, for petitioner.
*Alexis Babcock*, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On July 14, 2014, Evangelina Avila ("Ms. Avila" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine she received on February 21, 2012 caused her to develop a shoulder injury related to vaccine administration ("SIRVA"). *See generally* Petition ("Pet."), ECF No. 1. On December 10, 2015, respondent filed a proffer for an award of compensation. Proffer, ECF No. 39. The undersigned issued a decision awarding petitioner compensation according to respondent's Proffer on December 11, 2015. Decision, ECF No. 40. Petitioner now seeks an award of attorney's fees and costs in the amount of $28,324.39, pursuant to Section 15(e) of the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Vaccine Act. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 46. After careful consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

## I.    Procedural History.

This case was filed on July 14, 2014 and initially assigned to Special Master Dorsey. ECF No. 1, 5.[3] An initial status conference was held on October 23, 2014. Petitioner filed medical records via CD on October 31, 2014, and January 5, 2015. Petitioner's Exhibits ("Pet. Ex.") 1-7. Respondent filed her Rule 4(c) Report ("Rsp. Rpt.") on July 1, 2015, indicating that this matter was appropriate for compensation. ECF No. 26. On July 2, 2015, Chief Special Master Dorsey issued a Ruling on Entitlement, finding that the petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 27. That same day, the special master issued a Damages Order, encouraging the parties to resolve damages informally. Damages Order, ECF No. 28.

This case was reassigned to me on October 19, 2015. ECF No. 36. Respondent filed a proffer for an award of compensation on December 10, 2015. ECF No. 39. I issued a decision awarding compensation to the petitioner on December 11, 2015. ECF No. 40.

Petitioner filed a motion for attorneys' fees on June 6, 2016. Motion for Fees, ECF No. 46. Before petitioner filed her petition, she had retained attorneys at Curtis Legal Group ("Curtis") to prosecute her case in federal district court. See Petitioner's Reply to Response to Motion for Attorneys' Fees ("Reply"), ECF No. 48. Upon learning that this was a Vaccine Program matter, Curtis contacted Martin Martinez ("Mr. Martinez"), an attorney with experience in the Vaccine Program, to handle petitioner's petition. Mr. Martinez and Curtis agreed to represent petitioner as co-counsel "as they [Curtis] had built up a trust between their office and the petitioner." Reply to Response to Motion ("Reply") at 3, ECF No. 48. Petitioner has requested fees and costs for the Curtis Law Firm in the amount of $9,015.00 in attorneys' fees and $1,444.39 in expenses, for a total of $10,459.39. *Id*. Petitioner requests attorneys' fees for Mr. Martinez in the amount of $17,465.00 and costs in the amount of $400.00 for a total of $17,865.00. *Id*.

Respondent filed a response to the petitioner's motion for fees on June 23, 2016. Response to Motion for Attorneys' Fees ("Response"), ECF No. 47. Respondent made no specific objections to the attorneys' hours or rates, but simply offered a range of $11,000 to $14,000 as reasonable attorneys' fees for this case. Respondent listed a number of cases involving a similar vaccine injury in which the amount of attorneys' fees awarded is within the range suggested by respondent. Response at 3.

Petitioner filed a reply to this response on June 27, 2016. Petitioner argued that respondent is advocating "a table like cap on attorney fees" which would have a chilling effect on the prosecution of SIRVA cases. Reply at 1-3. Furthermore, petitioner contends that the attorneys' fees requested are "reasonable due to the results achieved for the petitioner." *Id*. at 3.

---

[3] Special Master Dorsey was elevated to Chief Special Master on September 1, 2015.

2

This matter is now ripe for decision.

## II.     Applicable Law.

In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the Court of Federal Claims. Vaccine Rule 14(a)(1). An attorney who is not eligible to practice in the Vaccine Program cannot recover attorneys' fees. *Underwood v. Sec'y of HHS*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013). Furthermore, an attorney who is not admitted to practice before the Court of Federal Claims is not eligible to serve "of counsel" and collect fees for his work. *Id.*; Vaccine Rule 14(b).

However, attorneys who refer cases to practitioners in the Vaccine Program are eligible to receive fee awards for work that contributed to the litigation of petitioner's claim. *See, e.g., Barrett v. Sec'y of HHS*, No. 09-389, 2014 WL 2505689 (Fed. Cl. Spec. Mstr. May 13, 2014) (awarding fees to an attorney whose work on petitioner's claim predated the filing of the petition). For example, special masters have routinely awarded costs where an attorney who does not practice in the Vaccine Program has been retained to establish a guardianship, when that guardianship is a condition of the settlement. *Id.* at *5 (discussing the practice of awarding the costs of establishing a guardianship). Fees for these referral attorneys are determined using the same method and standards used to award fees to practitioners in the Vaccine Program. *Id.* at *14 ("[T]he reasonableness of a referring attorney's pre-filing activity is subject to the same standard that governs the fee requests of the attorneys who actually litigated the case.")(Internal citations omitted).

The Vaccine Act permits the payment of reasonable fees and costs. The fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case). However, respondent's failure to object to fees and costs billed by petitioner's counsel does not require the special master to find the request reasonable, or to give petitioner a "second chance to explain." *Savin ex rel. Savin v. Sec'y of HHS*, 85 Fed. Cl. 313, 319 (2008).

The recent decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id*. For 4 to 7 year years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.*

3

In determining an appropriately hourly rate, Special Master Gowen concluded that the following factors should be considered: (1) the prevailing rate for comparable legal work in the forum of Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the attorney's experience in the Vaccine Program; (4) the attorney's overall legal experience; (5) the quality of the work performed in vaccine cases; and (6) reputation in the legal community and community at large. *Id*. at *17.

### III.  Discussion.

In her response, respondent provided no specific objection to the amount requested or the hours worked in this matter, but instead, offered a range which she believes is reasonable to pay the attorneys who worked on this case. Response at 3. Rather, respondent "reminded" the Court of its discretion in awarding fees, quoting *Fox v. Vice*, and reiterated the fact that 'the determination of [attorneys'] fees "should not result in a second major litigation."' Response at 2-3. Respondent proffered that a "reasonable" amount for fees and costs in this case would fall between $11,000.00 and $14,000.00, without specifically addressing how that range applied to this particular matter.

Based on the billing records submitted by both Mr. Martinez and Curtis, it appears that petitioner initially presented to Curtis with the intent of filing a medical malpractice/personal injury suit. Curtis collected petitioner's medical records and sent a demand to the malpractice insurance carrier of the hospital where petitioner received the DTaP vaccine. Motion, Exhibit 2, at 1 [ECF No. 46-2]. Upon researching the governing vaccine injury claims, Curtis discovered that petitioner's appropriate avenue of recourse was to file a petition in the Vaccine Program, which is under the jurisdiction of the U.S. Court of Federal Claims. Curtis then sought out an attorney who was admitted to practice in the Vaccine Program. Motion, Exhibit 2, at 2 [ECF No. 46-2]. Curtis contacted Mr. Martinez on April 18, 2014; billing records indicate that a retainer agreement between petitioner and Mr. Martinez was signed on April 28, 2014. *Id*. Accordingly, Curtis, as referring attorneys, will receive attorneys' fees for work billed through April 28, 2014 – when Mr. Martinez officially began to represent petitioner in the Vaccine Program.

Mr. Martinez has been licensed to practice law since 1981, and has been practicing in the Vaccine Program since 2008. Motion at 3. He practices in the San Francisco Bay Area and therefore qualifies for forum rates. Mr. Martinez previously received his requested hourly rate of $350 for work performed from 2015 to 2016. *See Dineen v. Sec'y of HHS*, No. 15-700, 2016 WL 1627199 (Fed. Cl. Spec. Mstr. Apr. 4, 2016). Furthermore, based on his experience both in the Vaccine Program and overall, an hourly rate of $350 is appropriate under *McCulloch*.

Petitioner did not submit any information on the experience or qualifications of the attorneys at Curtis Legal Group. However, according to Curtis's website, the attorneys working on this matter have been practicing for the following amounts of time: Andrew Mendlin, 20 years; Eric Gutierrez, 11 years; and Peter Fisher, 7 years. Curtis is situated in the San Francisco Bay Area; therefore, these attorneys qualify for forum rates. However, none of these attorneys have any experience in the Vaccine Program. Accordingly, I award hourly rates as follows: Andrew Mendlin, $350; Eric Gutierrez, $300; and Peter Fisher, $225. Their paralegal, Barbara

4

Castro, is awarded an hourly rate of $125. Therefore, the fees awarded to Curtis Legal Group are reduced to a total of $3,580.

|  | 2013 hours | Rates | Total | 2014 hours (through 4/28/2014) | Rates | Total |
|---|---|---|---|---|---|---|
| Andrew Mendlin | 0 |  |  | 3 | $350 | $1,050 |
| Eric Gutierrez | 3.6 | $300 | $1,080 | 0 |  |  |
| Peter Fisher | 0 |  |  | 4.5 | $225 | $1,012.5 |
| Barbara Castro | 1.5 | $125 | $187.5 | 2 | $125 | $250 |
|  | 4.8 |  | **$1,267.5** | 9.5 |  | **$2,312.5** |
|  |  |  |  | **Sum Total:** | **$3,580** |  |

It appears that all of the costs were borne by the Curtis firm in their representation of petitioner. Mr. Martinez submitted only costs for the filing of the petition in the amount of $400. Therefore, the Curtis firm will be reimbursed for its costs in this matter in the amount $1,444.39.

After reviewing the billing records, the amount of hours billed by Mr. Martinez seems reasonable and I see no erroneous or duplicative billing. *See generally* Motion. I therefore see no reason to reduce petitioner's application for fees and costs for Mr. Martinez.

## IV.   Total Award Summary.

In light of the foregoing and pursuant to § 15(e)(1), I award the total of $22,889.39 as follows:

- **A lump sum of $17,865.00[4] representing reimbursement for attorneys' fees and costs, in the form of a check made payable jointly to petitioner and petitioner's counsel of record, Martin Martinez; and**

- **A lump sum of $5,024.39 representing reimbursement for attorneys' fees and costs, in the form of a check made payable jointly to petitioner and Curtis Legal Group.**

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally, Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing or a joint filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).